FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Mar 12, 2025**

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BENJAMIN MACHADO-GOMEZ,<br><br>Defendant. | Nos. 4:25-CR-06005-MKD-2<br>         4:25-CR-06009-MKD-1<br><br>ORDER GRANTING UNITED STATES' MOTION TO REVIEW RELEASE ORDER AND MOTION FOR DETENTION<br><br>**ECF No. 57 (case no. -6005-MKD-2)**<br>**ECF No. 8 (case no. -6009-MKD-1)** |

Before the Court are the United States' Motion to Review Release Order, ECF No. 57 in case no. 4:25-CR-6005-MKD-2, and Motion for Detention, ECF No. 8 in case no. 4:25-CR-6009-MKD-1. The United States requests that the Court review and revoke the release order entered by the magistrate judge pursuant to 18 U.S.C. § 3145(a). ECF No. 57, case no. 4:25-CR-6005-MKD-2. The United States also requests that the Court order Defendant to be detained pending his revocation hearing for a related, alleged violation of his supervised release

ORDER - 1

conditions pursuant to Fed. R. Crim. P. 32.1 and 18 U.S.C. § 3143(a). ECF No. 8, case no. 4:25-CR-6009-MKD-1.

On March 6, 2025, the Court conducted an initial appearance on the supervised release matter, case no. 4:25-cr-6009-MKD-1, and a motion hearing. AUSA Brandon Pang represented the United States. Nicholas Granath represented Defendant, who was present in custody and assisted by a court-certified interpreter. The Court has considered the briefing and the magistrate judge's release order, heard from counsel, and is fully informed. For the reasons explained below, the Court grants both motions.

## LEGAL STANDARD

**A. Pretrial Release**

A district court's review of a detention order under 18 U.S.C. § 3145(a) is de novo. *See United States v. Rodriguez-Morales*, No. 18-CR-85, 2018 WL 10721074, at *1 (E.D. Wash. June 5, 2018).

A court considers four factors in determining whether there are conditions of release that will reasonably assure a defendant's appearance as required and the safety of any other person and the community: the nature and circumstances of the offense, the weight of the evidence against the defendant, the defendant's history and characteristics, and the nature and seriousness of the danger to any persons or the community that would be posed by the defendant's release. 18 U.S.C.

1 § 3142(g). The court shall order the defendant to be detained if the United States
2 shows either (1) by a preponderance of the evidence that the defendant will not
3 appear as required, or (2) by clear and convincing evidence that the defendant
4 poses a risk to the safety of any other person and the community. 18 U.S.C. §
5 3142(f); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

### B. Release Pending Supervised Release Revocation Hearing

"[Federal Rule of Criminal Procedure] 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release." Fed. R. Crim. P. 46(d). Under that Rule, the Court may release or detain a defendant pursuant to 18 U.S.C. § 3143(a), pending further proceedings. Fed. R. Crim. P. 32.1(a)(6). Under that statute, such a defendant shall be detained unless "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a)(1). If the judicial officer makes such a finding, the defendant shall be released pursuant to 18 U.S.C. § 3142(b) or (c). *Id*. This burden of clear and convincing evidence lies with the defendant. Fed. R. Crim. P. 32.1(a)(6); *see United States v. Loya*, 23 F.3d 1529, 1530 (9th Cir. 1994).

### DISCUSSION

The United States has invoked the rebuttable presumption of pretrial detention pursuant to 18 U.S.C. § 3142(e)(3). ECF No. 22, case no. 4:25-CR-

ORDER - 3

6005-MKD-2. In such cases, the Court presumes that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" where there is probable cause to believe the defendant committed one of the offenses enumerated at 18 U.S.C. § 3142(e)(3). Those offenses include "an offense for which a maximum term of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e)(3)(A).

The Court finds that the rebuttable presumption applies to this case, as Defendant is charged by Indictment with one count of conspiracy to distribute 400 grams or more of fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), 846; one count of conspiracy to distribute 50 grams or more of actual (pure) methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846; three counts of distribution of 40 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi); and distribution of 50 grams or more of actual (pure) methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), each of which has a maximum term of imprisonment of more than ten years. ECF Nos. 1, 8, case no. 4:25-CR-6005-MKD-2.

The Court finds the below points to be of particular relevance under the 18 U.S.C. § 3142(g) factors:

ORDER - 4

- Defendant's significant ties to Mexico, including family (parents, one sibling, and one child) and length of prior residence, relative to his minimal ties to the United States;

- the fact that this is Defendant's second federal criminal case for offenses related to drug trafficking, which is particularly concerning given his age;

- the lack of any demonstrated history on pretrial release in his prior federal criminal proceedings;

- that the currently alleged offenses occurred shortly after Defendant was released from prison onto supervised release and subject to restrictive conditions;

- the 10-year mandatory minimum sentence associated with Defendant's conspiracy charges;

- the significant quantities of methamphetamine and fentanyl involved in Defendant's past conviction and current charges;

- Defendant's recent travel to Mexico, despite his reported lack of a passport or enhanced driver's license;

- that Mexican identification documents bearing Defendant's likeness under different names and dates of birth were found in Defendant's vehicle at the time of arrest in his prior federal case;

ORDER - 5

- the circumstances surrounding Defendant's arrest in this case, from which it appears Defendant disposed of his cell phone before returning home to meet with law enforcement.

Upon de novo review, the Court finds that Defendant has not rebutted the presumption of detention and that, overall, the United States has shown by preponderance of the evidence that there are no conditions that will reasonably assure Defendant's appearance as required and by clear and convincing evidence that there are no conditions that will assure the safety of the community, as required by 18 U.S.C. § 3142(f).  The Court further finds that Defendant has not shown clear and convincing evidence that he is not likely to flee or pose a danger to the community if released, as required by 18 U.S.C. § 3143(a)(1).

Accordingly, **IT IS HEREBY ORDERED:**

**1.** The United States' Motion to Review Release Order, **ECF No. 57 in case no. 4:25-CR-6005-MKD-2**, and Motion for Detention, **ECF No. 8 in case no. 4:25-CR-6009-MKD-1** are **GRANTED**.

**2.** Defendant shall be held in detention pending disposition of this case or until further order of the Court.  Defendant is committed to the custody of the Attorney General for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.  On

order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshals Service for the purpose of an appearance in connection with a court proceeding.

DATED March 12, 2025.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES DISTRICT JUDGE

ORDER - 7